UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 11 CR 378 |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| TRALVIS EDMOND, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Tralvis Edmond has filed a pretrial motion seeking the disclosure of exculpatory and favorable evidence [15-1]. The motion consists of several subparts. For the reasons that follow, the motion is granted in part and denied in part.

**Favorable or Exculpatory Evidence**

Edmond has moved for the disclosure of any previously undisclosed favorable evidence and evidence that bears upon the credibility of witnesses. In response, the government has acknowledged its continuing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) to disclose information that may be exculpatory or impeaching, and has committed to producing that evidence in a timely manner.

Given the government's assurances that it will comply with its obligations under *Brady* and *Giglio*, Edmond's request must be denied as moot. *See United States v. Silesia Flavorings, Inc.*, No. 03 CR 851, 2004 WL 419904, at *6 (N. D. Ill. Mar. 1, 2004) (government's promise to comply with *Brady* rendered motion for exculpatory or impeaching evidence moot).

**Names, Address, and Interviews of Co-Schemers or Cooperating Individuals**

Next, Edmond seeks the "name, last known address and statement or memorandum of interview, if any, of any individual, including any co-schemer or cooperating individual, whose testimony would be favorable to Mr. Edmond." Motion [15-1] at 2. The government responds that it has already produced the "statement or memorandum of interview" of any such witnesses and, therefore, the request for statements or memoranda of interview is denied as moot. *See Silesia Flavorings*, 2004 WL 419904, at *6.

In response to Edmond's request for last known addresses, the government contends that the request is tantamount to a request for a witness list, which it is not required to produce in a noncapital case. *See United States v. Braxton*, 877 F.2d 556, 560 (7th Cir. 1989). However, Edmond has requested addresses only for individuals "whose testimony would be favorable to Mr. Edmond in any way or consistent with Mr. Edmond's innocence." Motion [15-1] at 2.

Contact information for exculpatory witnesses falls within the scope of *Brady*. *See United States v. Steele*, No. 99-2129, 2000 WL 796191, at *4 (7th Cir. June 15, 2000) (unpublished). Accordingly, the government shall comply with its obligation to provide such information.

**Information about the Confidential Source Used to Procure Search Warrant**

Edmond requests disclosure of the identity of the government's confidential informant, along with the names and numbers of any other cases in which the informant provided confidential information to the government, or was himself a defendant. A defendant is entitled to know the identities of government informants only if disclosure is "essential" to a fair trial, and outweighs the public's interest in preserving the informant's anonymity and encouraging citizens to report crimes. *United States v. Jefferson*, 252 F.3d 937, 940-42 (7th Cir. 2001).

Edmond has identified no reason for his request and, therefore, has failed to establish a genuine need for the information he has requested. *See United States v. Bender*, 5 F.3d 267, 271 (7th Cir. 1993). Accordingly, his motion for the identity of and other information about the government's confidential source is denied without prejudice.

**Motion for *Santiago* Proffer**

Edmond has moved for an order requiring the government to produce statements made by any alleged coconspirators four weeks before trial. The government has agreed to provide a written *Santiago* proffer, but has agreed to produce it only 2 weeks before trial.

The court finds that Edmond's request is reasonable and, therefore, his motion for the government's production of a *Santiago* proffer four weeks before trial is granted.

**Motion for Notice of Intent to use Expert Testimony**

Edmond asks the court for an order directing the government to make its expert disclosures as required under Federal Rule of Criminal Procedure 16(a)(1)(G) four weeks before trial. In response, the government states that two weeks before trial would give the defendant sufficient time to prepare for trial.

The court finds that Edmond's request is reasonable and, therefore, his motion for expert disclosures four weeks before trial is granted.

**Motion for Production of Federal Rule of Evidence 404(b) Materials**

Edmond asks for an order requiring the government to produce notice of any evidence of other crimes, wrongs, or acts upon which it intends to rely under Federal Rule of Evidence 404(b). In response, the government has agreed to provide notice of its intent to use such

evidence two weeks prior to trial. However, the court believes that a reasonable deadline for the production of Rule 404(b) material is four weeks before trial.

Accordingly, the court grants the defendant's motion for production of Rule 404(b) evidence, and orders the government to produce the evidence four weeks before trial.

**Motion for Production of Witness Statements**

Edmond has also moved for the disclosure of statements by government witnesses pursuant to the Jencks Act at least four weeks before trial. See 18 U.S.C. § 3500. Under the Jencks Act, the government must turn over to the defendant statements or reports made by government witnesses, but only after that witness has testified on direct examination at the defendant's trial. *Id.*

The government has nevertheless agreed to provide Edmond with witness statements and reports two weeks before trial. Accordingly, because the government has agreed (without being required to do so) to provide Edmond with witness statements two weeks before trial, the pretrial motion is denied.

**Motion to Preserve Agents' Notes**

Edmond has moved for an order directing the government to preserve all notes made by agents during their arrest and investigation of the defendant. In response, the government states that it has already directed agents to preserve their notes.

In the absence of any objection, Edmond's motion is granted.

## CONCLUSION

For the reasons given, Edmond's pretrial motion [15-1] is granted in part and denied in part as follows:

- ▸ the motion for an order requiring the disclosure of favorable or exculpatory evidence is denied as moot;
- ▸ the motion for an order requiring the disclosure of contact information for exculpatory witnesses is granted;
- ▸ the motion for an order requiring the disclosure of the identity of the government's confidential source is denied without prejudice;
- ▸ the motion for an order requiring a *Santiago* proffer four weeks before trial is granted;
- ▸ the motion for notice four weeks before trial of the government's intent to use evidence of other bad acts under Federal Rule of Evidence 404(b) is granted;

- ▸ the motion for an order requiring the production of witness statements under the Jencks Act, 18 U.S.C. § 3500, is denied; and
- ▸ the motion for an order requiring the government to preserve agents' notes is granted.

ENTER:

DATE: November 30, 2011

_____
Blanche M. Manning
United States District Judge